## Case No. 9,443.

MERCHANTS' INS. CO. v. McCARTNEY.

[1 Lowell, 447;[1] 12 Int. Rev. Rec. 122.]

Circuit Court, D. Massachusetts. May Term, 1870.

TAXES—ON INCOMES—BANK DIVIDENDS—ACCRUED BEFORE PASSAGE OF ACT—ASSESSED AS CAPITAL.

1. An insurance company being a stockholder in a bank received a dividend from the bank, three-tenths of which was made out of profits accumulated before the passage of the first act for collecting internal revenue, and seven-tenths from profits acquired afterwards. The bank more than five years before this case was tried had paid the revenue tax on the seven-tenths and denied a liability to taxation for the three-tenths, and it had never been enforced. *Held*, the three-tenths was capital and not liable to assessment as income under Act June 30, 1864, § 116, etc., 13 Stat. 281.

2. The seven-tenths having been once assessed to the bank could not be again assessed to the insurance company.

The plaintiffs owned stock in the Suffolk bank, and as such stockholders received $115,200 as their share of an extra dividend declared by the bank January 3, 1865; of which they carried the fifteen thousand, odd, to their surplus fund, and declared a dividend among their own stockholders of the remainder. Of the dividend declared by the bank, about three-tenths consisted of profits laid aside before the passage of the first internal revenue law, and of profits of sales of real

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

estate bought before that time; and on the remaining seven-tenths the bank paid a tax of five per cent to the government, but denied their liability for the three-tenths, and it had never been exacted of them. The defendant [W. H. McCartney, collector] collected of the plaintiffs against their protest a tax of five per cent upon the whole sum so received by them, and the question presented by the agreed facts here was whether such tax was lawfully assessed.

S. Bartlett and F. W. Palfrey, for plaintiffs.
J. C. Ropes, Asst. Dist. Atty., for defendant.

LOWELL, District Judge. The revenue act under which this assessment was made is that of June 30, 1864, and especially sections 116–121, 13 Stat. 281, etc.

Section 120, p. 283, levies the duty on all dividends thereafter declared due as part of the earnings, income, or gains of any insurance company, and on all undistributed sum or sums made or added during the year to their surplus or contingent funds. In other words, it assesses the net annual income or gains of such corporations, whether they choose to divide them or to add them to their funds. And it provides in section 117 that in estimating the annual gains, profits, or income of any person there shall be deducted the income derived from dividends on shares in banks, &c., which shall have been assessed to and the tax paid by the corporations. And in section 121 that when any dividend is made which includes any part of the surplus or contingent fund of any bank, insurance company, &c., on which a duty has been paid, the amount of duty so paid on the fund may be deducted from the duty on the dividends.

The plaintiffs contend that no part of the dividend paid them by the bank was liable to assessment in their hands, because, as to the three-tenths, it was not income, and as to the seven-tenths it had already paid the tax.

As to the three-tenths it seems to me to have been a division of capital, a return to the plaintiffs in money of a part of the property which was already in their ownership as capital stock when the first tax act was passed. If the Suffolk bank had been wholly wound up, and had returned to its stockholders the exact value of their shares in money, having made no profits since the passage of the original act, this sum of money could not be taxed as income, gains, or profits; and so of a part. If the plaintiffs on receiving the money chose to divide it among their own stockholders, still it is not a dividend out of gains and profits, nor out of the surplus funds, because the surplus funds that are taxable, are those which are or have been made out of profits, since the passage of the act. This view appears to have been acquiesced in by the government, for they have neglected for some five years to enforce the opposite construction against the bank; and if

this money was capital in the hands of the bank it was still capital when it reached the stockholders. The tax is assessed on the bank for convenience, but is intended to be, in effect, a tax on the shareholders; and if the latter be not assessable for the income tax it cannot be levied on the corporation. Railroad Co. v. Jackson, 7 Wall. [74 U. S.] 262.

There is more difficulty in that part of the case which relates to the seven-tenths. The plaintiff corporation is bound to pay on its net "income earnings or gains," whether divided or added to its funds, and so the argument must apply equally to the sum divided and to that carried to the surplus fund, it being admitted that it was not needed to pay losses or expenses [in their own business; because it appears that the whole of it has been appropriated either to the dividend or the surplus fund. And this was assumed by both sides at the argument.]2 So the question simply is: Does such a dividend on which the tax has once been paid form part of the income of the plaintiffs in the sense of section 120? It is not exempted by the proviso of section 121, above cited, for that merely means that if a corporation has once paid the tax on its gains when turned over to the surplus fund it shall not pay again when it divides that fund.

It is equally clear that sections 116 and 117 do not refer to the incomes of corporations, because the mode of assessment, the exemptions of six hundred dollars rent of homestead, &c., and the increasing rate of tax on larger and larger incomes, are all incompatible with such a reference.

The real point seems to me to be whether in estimating the income of a corporation we are to take the analogy of section 117. For instance, in relation to the three-tenths which I have held to be capital, I have in fact followed the rule of section 117, though I did not refer to that section because it seemed to me the result was the same upon any fair meaning of the word income. Now supposing the question were whether interest on government bonds, or interest accrued but not actually received, &c., is to be included in the income of a corporation, might we properly refer to sections 116 and 117 to see what is income. After much reflection I am satisfied that we are bound to make such a reference, and to take those sections as our guide in ascertaining the meaning of income in the statute. The general intent of the legislature not to tax incomes twice is clear, and so is the injustice of such taxation; but my decision rests mainly on this: The intent of congress was to tax the income of the shareholders of the Suffolk bank by a tax levied directly upon the bank. The income of these plaintiffs has been so taxed. I am not ready to believe that it was intended that the same income should be again returned to the government for a new taxation, merely because it passed through another corporation before reaching the individual owners.

This conclusion I should reach, I think, without aid from section 117, and although that section contained no express exemption. But when I find that exemption it strengthens the argument because it shows what the law regards as taxable income. It was argued that this net dividend must be income because the statute of 1865 (13 Stat. 479) requires that such a dividend shall be returned as income. But the same law declares that the tax which has been paid on such a dividend shall be deducted from the tax that would otherwise be assessed on the shareholder's income. It was required to be returned because it ought to be counted in ascertaining the aggregate income, which as the law then stood, was assessable at a higher rate than five per cent if it exceeded five thousand dollars. That amendment was passed some two months after this tax was assessed, and if the argument be good that such dividends are income since that time because of the amendment, I see not why it does not hold equally good to take them out of the income account before that act was passed, or to take them out of the class of assessable income if they have been once assessed.

I do not base my judgment upon the ground that the plaintiff corporation is a mere agent or trustee for its own shareholders in receiving and paying out this dividend. I do not understand that to be so in fact or in law. But I do decide that the plaintiff corporation itself, as a shareholder in the Suffolk bank, is not bound to treat this dividend on which the income tax has been paid, as income liable to assessment again by the government, [and this]2 whether it found it necessary to use the dividend in one way or another, [whether to pay taxes, expenses, or dividends. It is exempted from the income account. In accordance with the agreement of the parties, judgment is to be entered for the plaintiff for the full amount of $5,760 and interest and costs.]2